IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
00 AUG 14 AM 10: 16
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
AUG 14 2000

| | |
|---|---|
| RELIANCE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CASE NO. CV98-HGD-2031-S |
| | ) |
| INDUSTRIAL DISTRIBUTION | ) |
| SERVICES WAREHOUSE, INC., | ) |
| | ) |
| Defendant | ) |

### MEMORANDUM OPINION

The above-entitled civil action is before the undersigned magistrate judge on the motion for summary judgment and, in the alternative, motion for partial summary judgment filed by defendant, Industrial Distribution Services Warehouse (IDSW) [Doc. #23], and IDSW's Motion to Strike [Doc. #28]. The parties have consented to the exercise of jurisdiction by the undersigned in accordance with the provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73. Defendant has filed a brief in support of its motion for summary judgment [Doc. #24], and plaintiff, Reliance Insurance Company (Reliance) has filed opposition to defendant's motion [Docs. #27 & 29].

As grounds for its motion to strike the report of Robert M. Young, defendant asserts, in part, that the report was not attached to an affidavit. Reliance subsequently was allowed to supplement its evidentiary submission by submitting an affidavit signed by Young [Docs. #33

& 36]. However, defendant still objects to the consideration of this report, asserting that the conclusions reached by Young are not based on his own first-hand knowledge. Defendant argues that Young's conclusions are instead based on inadmissible hearsay, that is, interviews of others who were witnesses to the October 2, 1997, fire that is the subject of this litigation. However, the court finds that the issue of the admissibility of Young's report is largely irrelevant for the reasons outlined below.

## Summary Judgment Standard

A court should grant summary judgment only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The applicable substantive law identifies which facts are material in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "The movant bears the initial burden to show by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). When the moving party has the burden of proof at trial, that party must carry its burden at summary judgment by presenting evidence affirmatively showing that, "on all essential elements of its case . . . , no reasonable jury could find for the non-moving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*).

When, as here, the non-moving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential

element of the non-moving party's claim or by pointing to specific portions of the record which demonstrate that the non-moving party cannot meet its burden of proof at trial. See *Clark*, 929 F.2d at 606-608 (explaining *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), and *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Merely stating that the non-moving party cannot meet its burden at trial is not sufficient. *Clark*, 929 F.2d at 608. Any evidence presented by the movant must be viewed in the light most favorable to the non-moving party. *Adickes*, 398 U.S. at 157, 90 S.Ct. at 1608.

Only if the moving party carries the initial burden does the burden then shift to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark*, 929 F.2d at 608. It is only at this point that the non-moving party must respond with affidavits or as otherwise provided in Fed.R.Civ.P. 56. "The evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513.

DISCUSSION

**Defendant's Motion for Summary Judgment**

In its motion for summary judgment, IDSW states that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. In support thereof, it merely states that it is relying upon the pleadings of record, the exhibits, and the memorandum of law filed by defendant contemporaneously with its motion for summary judgment [Doc. # 23].

Defendant's exhibits include the declaration of Ron Harris, accounting and administrative manager of IDSW. Mr. Harris states that a fire occurred at IDSW's warehouse on October 2, 1997, destroying or damaging goods stored there by Oldham Chemical Company ("Oldham"). Harris also declares that, at the time IDSW began to store goods for Oldham, IDSW provided a rate quote and the basic terms and conditions for the storage of these goods. This receipt is included as Exhibit 1 to Harris' declaration. Defendant also provided copies of the front of the warehouseman's receipt for each shipment of goods received from Oldham [Exhibit 2 to Harris declaration] and a blank copy of the form used for these receipts, including both the front and the back sides. [Exhibit 3 to Harris declaration]. Both Exhibit 1 and the back side of Exhibit 3 contain a section which limits damages to the lesser of any actual damages or 25¢ per pound unless the depositor requests an increased damage limit. Liability also is excluded for losses which could not have been avoided by the exercise of reasonable care required by law or a reasonably careful man. There is no evidence that plaintiff ever requested an increased damage limit.

Defendant's brief in support of its motion asserts that "Plaintiff has no evidence to demonstrate that IDSW failed to exercise reasonable care in the protection of goods at the warehouse." [Doc. #24 at 4]. Defendant avers that the cause of the fire at the warehouse is undetermined and that, once the fire was detected, the warehouse's sprinkler system was activated and the fire department was called and responded within minutes. However, defendant fails to point to any evidence in the record to support these assertions. Nevertheless, defendant asserts that "[b]ecause there is no evidence on which to base an inference that IDSW

4

contributed to the cause of fire and because IDSW personnel responded to the fire in a reasonable manner, there is no evidence to support Reliance's claim that IDSW failed to exercise reasonable care," thus entitling it to summary judgment. [Doc. #24 at 5].

Defendant is mistaken and has blurred the distinction between the burden of proof at trial and the burdens of production at summary judgment. See Clark, 929 F.2d at 608. Although Celotex stands for the proposition that under certain circumstances a summary judgment movant may carry its burden without presenting evidence negating an element of the other party's claim, merely asserting that the non-moving party has not come forward with evidence to support its claim is not enough. See Celotex, 477 U.S. at 328, 106 S.Ct. at 2555 (White, J., concurring). In Celotex, the movant noted that the plaintiff had failed to identify, <u>in answering interrogatories specifically requesting such information</u>, any witnesses whose testimony could establish an essential element of her claim. Id. at 320, 106 S.Ct. at 2551. By asking this question in discovery, receiving a favorable answer, and pointing out this admission to the court, the movant thus demonstrated that plaintiff could not meet her burden of proof at trial.[1]

In the case sub judice, IDSW's general argument does not make the requisite demonstration. "It is not enough to move for summary judgment . . . with a conclusory assertion that the plaintiff has no evidence to prove his case." Celotex, 477 U.S. at 328, 106

---

[1] In Celotex, the plaintiff sued various asbestos manufacturers, alleging that her husband's death was related to his exposure to their products. In support of its motion for summary judgment, Celotex noted that plaintiff "had failed to identify, in answering interrogatories specifically requesting such information, any witnesses who could testify about decedent's exposure to [Celotex's] asbestos products." Celotex, 477 U.S. at 320, 106 S.Ct. at 2551.

5

S.Ct. at 2555 (White, J. concurring). Although defendant makes various references to alleged facts regarding the source of the fire and its actions after the fire was detected, defendant has not reviewed for the Court any of the evidence obtained in discovery which affirms these assertions. Furthermore, it is the movant's responsibility, not the Court's, to search the record and identify those portions which support the motion for summary judgment. *Clark*, 929 F.2d at 609. Defendant does not point to any one or more particular items of evidence in support of its argument. Accordingly, IDSW has not carried its burden with its argument that plaintiff has not come forward to show IDSW failed to exercise reasonable care. Plaintiff has no burden to come forward with evidence in response to conclusory assertions. Therefore, defendant's motion for summary judgment is due to be denied.

Since defendant has failed to meet its burden regarding summary judgment on this ground, plaintiff is not required to come forward with any evidence in rebuttal. As a result, it is not necessary for the court to consider the report of Robert M. Young submitted by plaintiff. Therefore, defendant's Motion to Strike is **MOOT**.

### Defendant's Alternative Motion for Partial Summary Judgment

Defendant's alternative motion for partial summary judgment is based on its assertion that the warehousing contract between Oldham and defendant limits defendant's liability for loss to 25¢ per pound of goods. Defendant has supported its motion for partial summary judgment with proof in the record consisting of three exhibits properly identified and

6

authenticated by the defendant. Exhibit 1 to the declaration of Ron Harris is the rate quotation supplied to Oldham which set out IDSW's limitations on liability as follows:

> WAREHOUSE RATES DO NOT INCLUDE INSURANCE
> Liability for Loss or Damage for which Warehouseman is responsible as set forth in the reverse hereof, is limited to the actual value of goods stored; and in no case shall the liability exceed 25¢ per pound unless an excess value is declared hereon and prior to receipt of goods in accordance with section 10(a) on the reverse hereof.

[Doc. #24, Exhibit 1]. Likewise, defendant supplied Oldham with warehouseman's receipts each time Oldham stored goods with it. The back of the receipts also contained similar language. [Doc. #24, Exhibit 3].

Section 7-7-204, *Code of Alabama* (1975), provides:

> Damages may be limited by a term in the warehouse receipt or storage agreement limiting the amount of liability in case of loss or damage, and setting forth a specific liability per article or item, or value per unit of weight, beyond which the warehouseman shall not be liable; provided, however, that such liability may on written request of the bailor at the time of signing such storage agreement or within a reasonable time after receipt of the warehouse receipt be increased on all or part of the goods thereunder, in which event increased rates may be charged based on such increased valuation, but that no such increase shall be permitted contrary to a lawful limitation of liability contained in the warehouseman's tariff, if any. No such limitation is effective with respect to the warehouseman's liability for conversion to his own use.

Because defendant made the assertion that its liability was limited to 25¢ per pound and provided evidence of this limitation, it has met its burden with regard to this issue. Plaintiff is required to come forward with evidence to show that there is a genuine issue of material fact as to this issue. It has not done so. Therefore, IDSW's liability is limited to 25¢ per pound of

7

goods stored by Oldham in defendant's warehouse and destroyed. Since plaintiff also has not disputed the weight of the goods stored by Oldham as alleged by IDSW, the amount which can be collected by plaintiff in the event of a favorable verdict is $19,981.50.[2] Therefore, defendant's motion for partial summary judgment as to the issue of limitation of damages is due to be granted.

A separate order in conformity with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this 11th day of August, 2000.

                                                HARWELL G. DAVIS, III
                                          UNITED STATES MAGISTRATE JUDGE

---

[2] The undisputed evidence is that Oldham stored 79,926 pounds of goods in defendant's warehouse. At 25¢ per pound, the compensable loss amount is $19,981.50. *See* Doc. #6; Doc. #24, Exhibit 2.

8